# EXHIBIT
# A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Northampton _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: C48 CV 2011-4859 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Dennis Tucker | Lead Defendant's Name: O.A. Newton |
|---|---|

| **Are money damages requested?** [X] Yes [ ] No | Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits |
|---|---|

| **Is this a *Class Action Suit*?** [ ] Yes [X] No | **Is this an *MDJ Appeal*?** [ ] Yes [X] No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Richard M. Jurewicz, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [X] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

GALFAND BERGER, LLP
BY:   RICHARD M. JUREWICZ, ESQUIRE                    **Attorney for Plaintiffs**
Identification No.: 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103
(215) 665-1600

## IN THE COURT OF COMMON PLEAS
## OF NORTHAMPTON COUNTY

|  |  |  |
|---|---|---|
| DENNIS TUCKER and | : | CIVIL DIVISION |
| BERNARDINE TUCKER, h/w | : | |
| 1544 Acerkmanville Road | : | |
| Bangor, PA 18013 | : | NO. |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | ASSESSMENT OF DAMAGES |
| O.A. NEWTON | : | HEARING IS REQUIRED |
| 16356 Sussex Highway | : | |
| Bridgeville, DE 19933 | : | JURY TRIAL DEMANDED |
| and | : | |
| SALINA VORTEX CORPORATION d/b/a | : | |
| VORTEX and/or VORTEX VALVES | : | |
| NORTH AMERICA | : | |
| 1725 Vortex Avenue | : | |
| Salina, KS 67401 | : | |
| And | : | |
| IMERYS PIGMENTS, INC. d/b/a | : | |
| IMERYS | : | |
| 10000 Beaver Dam Road | : | |
| Cockeysville, MD 21030-2221 | : | |
| Defendants. | : | |

## CIVIL ACTION – COMPLAINT

## PARTIES

1.     Plaintiffs Dennis Tucker and Bernardine Tucker are husband and wife and adults,

residents and citizens of the Commonwealth of Pennsylvania residing therein at 1544

Ackermanville Road, Bangor, Pa. 18013.

2.      Defendant O.A. Newtown is incorporated in a state other than the Commonwealth of Pennsylvania with its principal place of business at 16356 Sussex Highway, Bridgeville, Delaware 19933.

3.      Defendant Salina Vortex Corporation is a foreign corporation with its principal place of business located at 1725 Vortex Avenue in Salina, Kansas 67401.

4.      Defendant Imerys Pigments, Inc. is a foreign corporation with a branch office location at 10000 Beaver Dam Road, Cockeysville, Maryland 21030-2221.

## BACKGROUND

5.      Defendant O.A. Newton is and has been an entity that is regularly engaged in the business of designing, manufacturing, selling, distributing, engineering and/or otherwise placing into the stream of commerce material handling systems for the wood fiber composite, rigid and flexible PVC, carbon black, feed & grain and dry bulk solids industries.

6.      Defendant O.A. Newton's regular business includes the design, manufacture and sale of PVC compound and plastics material handling systems.

7.      Defendant Salina Vortex Corporation d/b/a Vortex and/or Vortex Valves North America is and has been regularly engaged in designing, manufacturing, fabricating, selling, distributing and/or placing into the stream of commerce knife gates, slide gates and diverters for the pneumatic conveying and handling of dry bulk and solids materials.

8.      The product line of Defendant Salina Vortex Corporation includes but is not limited to the design, manufacture and distribution of pneumatic conveying slide gates,

2

pneumatic conveying diverters, gravity flow slide gates, gravity flow diverters, iris valves and butterfly valves.

9.       Defendant Imerys Pigments, Inc. d/b/a Imerys is in the business of mining, harvesting, producing and developing for sale and distribution raw minerals containing white pigments used for the paper and plastic industries.

10.       Raw minerals that are developed, produced and marketed by Defendant Imerys Pigments, Inc. include Kaolin, ground calcium carbonate ("GCC") and precipitated calcium carbonate.

11.       On August 19, 2009, Plaintiff Dennis Tucker was employed as a lab/blending supervisor for Harvel Plastics located in Easton, Pennsylvania.

12.       In August, 2009, Plaintiff's employer Harvel Plastics was in the business of manufacturing and producing dry compound for rigid PVC piping.

13.       Defendants O.A. Newton, Salina Vortex Corporation and Imerys Pigments, Inc. regularly did and currently do business in the Commonwealth of Pennsylvania and in the County of Northampton.

14.       Plaintiff's accident occurred on August 19, 2009 on Bin No. 5 of the O.A. Newton Blending System also known as the O.A. Newton & Son Company Bulk Storage, Compound and Conveying System.

15.       Based on information and belief, Plaintiffs aver that at some time prior to August 19, 2009 Defendant O.A. Newton designed, manufactured and sold to Plaintiff's employer the

O.A. Newtown Blending System that consisted of seven bins/hoppers that were used for the purpose of blending and mixing calcium carbonate and titanium dioxide and other ingredients.

16.     Based on information and belief, Plaintiffs aver that the subject O.A. Newtown Blending System was manufactured by Defendant O.A. Newton for Plaintiff's employer pursuant to Contract No. 0245-30-64-LWD.

17.     Based upon information and belief, Plaintiffs aver that included in the design and manufacture of the O.A. Newtown Blending System, said system was equipped with sliding knife gate valves that regulated the control and movement of the ground calcium carbonate and titanium dioxide minerals processed by said blending system.

18.     Based upon information and belief, Plaintiffs aver that also included in the O.A. Newtown Blending System, as designed and supplied by Defendant O.A. Newton, were MIC scale model and weight scale system for the weighing of ingredients and raw materials processed by said system.  The raw ingredient materials were housed or stored in a perforated cylindical basket, which was provided by Defendant O.A. Newton.

19.     Based on information and belief, Plaintiffs aver that Defendant Salina Vortex Corporation designed, manufactured, fabricated and provided either directly to Co-Defendant O.A. Newton or to Plaintiff's employer Vortex knife gates model A5-1 for use on the O.A. Newtown Blending System.

20.     Based on information and belief, Plaintiffs aver that the actual Vortex knife gate involved in Plaintiff-Husband's accident was a Vortex S.V.C. Cyl. No. 10 "DAC35AC", size I350X5 5175."

4

21.    Based on information and belief, Defendant Salina Vortex Corporation's Vortex slide gate valves were used as fill and discharge valves for the scale system of the O.A. Newtown Blending System at Plaintiff's employer's facility.

22.    Based on information and belief, Plaintiffs aver that in or about 1997, the MIC scale portion of the O.A. Newtown Blending System was upgraded from a pneumatic system to an electronic load cell base system controlled by a PLC. The upgrade was designed, engineered, manufactured and provided by Defendant O.A. Newton.

23.    Prior to August 19, 2009, Defendant Imerys Pigments, Inc. regularly provided shipments of palletized bags of ground calcium carbonate products (hereinafter "GCC"). These shipments would generally contain 42,500 lbs. of GCC located on 17 pallets with each palletized load containing 50 bags with each bag containing 50 lbs. of GCC.

24.    The batch or blend of ingredients that Plaintiff-Husband was processing on the day of his accident in the O.A. Newtown Blending System was GCC, which had been provided and supplied by Defendant Imerys Pigments, Inc.

25.    The particular GCC ingredients Plaintiff-Husband added to the O.A. Newtown Blending System on the day of his accident had been shipped to Plaintiff's employer by Defendant Imerys Pigments, Inc. on August 10, 2009 and specifically identified and described as follows:

|  |  |
|---|---|
| Customer: | Harvel Plastics, Inc., Easton, Pa. |
| Customer #: | 16503 |
| Product Name: | Camel-Fine ST - bag |
| Product #: | Z200122BLT |

5

| | |
|---|---|
| Order #: | D294405 |
| Lot #: | B90807300 |
| Ordered Tons: | 21.25 |
| Customer PO#: | 13311DGT |
| Code #: | 16503 |
| Car/Truck #: | Cust 1511 |
| Date/Mfg: | 8/7/2009 |

26.    On August 19, 2009 Plaintiff-Husband was operating the O.A. Newtown Blending System and had added Imerys GCC into it. The auger for bin/hopper No. 5 jammed. Unbeknownst to Plaintiff, the jam up was due to a piece of foreign material (small piece of wood) that was inside one of Defendant Imerys Pigments, Inc.'s white bags of GCC provided under Order No. D294405 as further described in Paragraph 25.

27.    After turning off the O.A. Newtown Blending System, Plaintiff went to locate or determine the source, location and origin of the jam up. While trying to locate the source of the jam up and due to the negligence and wrongdoing and carelessness of all Defendants and the defective and unsafe condition of the O.A. Newtown Blending System and Vortex knife and gate, Plaintiff's left fingers were struck and amputated by the unguarded Vortex knife gate when it actuated and closed on Plaintiff's hand resulting in serious and permanent bodily injuries described more fully herein.

28.    At all times set forth herein the aforementioned O.A. Newtown Blending System and its component parts (Vortex knife gate) were being used in the manner prescribed by Defendants for the purposes for which the aforementioned products were designed, manufactured and sold.

## COUNT I - NEGLIGENCE
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT O.A. NEWTON, INC.

29.     Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

30.     The above negligence of Defendant O.A. Newton Corporation consisted of the following acts and omissions:

    a.   Failure to design, manufacture, fabricate and sell the aforementioned O.A. Newton Blending System and its components with due care;

    b.   Failure to incorporate on the aforementioned O.A. Newton Blending System, including its component parts, proper and adequate safety devices for use and safety;

    c.   Failure to test and inspect the aforementioned O.A. Newton Blending System, including its component parts, to determine whether it could be used without injuring users;

    d.   Failure to adequately instruct as to the proper safety devices which should be used in conjunction with the aforementioned O.A. Newton Blending System and its component parts;

    e.   Failure to warn or adequately warn of the dangers upon cleaning, clearing and servicing the aforementioned O.A. Newton Blending System, including its component parts;

    f.   Failure to equip the aforementioned O.A. Newton Blending System and its component parts with a grid, guard, grate, screen or other physical structure to prevent contact with either the inside of the bottom auger or with the Vortex knife gate and/or sliding gate;

    g.   Failure to design the aforementioned O.A. Newton Blending System and its component parts with an appropriately sized funnel that would prevent inadvertent or unintentional contact with the Vortex knife gate;

    h.   Failure to design the aforementioned O.A. Newton Blending System and its component parts with a electromagnetic braking system that would prevent the Vortex knife gate from closing after the blending system was shutdown;

    i.   Failure to design the aforementioned O.A. Newton Blending System with a integrated braking system that would isolate power to the Vortex knife gates when the O.A. Newton Blending System was turned off;

j.   Failure to design the aforementioned O.A. Newton Blending System and its component parts with a fail-safe system to minimize the possibility of moving parts striking and/or contacting an operator's hands during operation, use, service and/or troubleshooting;

k.   Failure to assess the hazards and risks of injury associated with the foreseeable uses of the aforementioned product and its components;

l.   Failure to design the aforementioned system and its components so that it could be brought to a zero mechanical state whenever the equipment was turned in the off position;

m.   Failure to design and provide with the aforementioned O.A. Newton Blending System an integrated dump valve for the pneumatic system including the knife gate valve devices that would dump any residual build up air in the system once the system was shut off;

n.   Failure to design, manufacture and supply the O.A. Newton Blending System with safety interlocks or limit switches on the access perforated hinged doors such that whenever any of the access doors were opened, the blending system would go into a zero mechanical state;

o.   Failure to manufacture and supply the O.A. Newton Blending System and its access gate doors with the appropriate safety system that would insure that all electrical, hydraulic, pneumatic and mechanical sources of energy or power were deactivated, de-energized and/or bled out in the event the gate door was opened;

p.   Failure to design a dump valve or electrical limit switch integrated into the access hinged doors so that energy sources were removed from the blending system once the access door was opened.

31.   As a direct and proximate result of the aforementioned negligence of Defendant

O.A. Newton, Plaintiff sustained the following injuries and damages:

a.   Lacerations and avulsions to the left thumb, index and long fingers leading to amputations of portions of the tip of the thumb, index and long fingers, nerve damage, hypersensitivity, parathesis, dysthesia and injuries to tendons and nerves of the hand and the sequela thereof;

b.   Loss of earnings, earning capacity, past and future;

c.   Disfigurement, humiliation, embarrassment and emotional suffering;

d.   Great physical and mental pain, suffering and the loss of life's pleasures, past, present and future;

    e.  Hospital and medical expenses, past, present and future.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount in excess of the arbitration limits of this court.

### COUNT II - NEGLIGENCE
### PLAINTIFF DENNIS TUCKER VS. DEFENDANT SALINA VORTEX CORPORATION

    32.    Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

    33.    The above negligence of Defendant Salina Vortex Corporation consisted of the following acts and omissions:

    a.  Failure to design, manufacture and sell the aforementioned Model A5-1, SVC Cylinder No. DAC35AC Vortex Knife Gate component parts with due care;

    b.  Failure to incorporate on the aforementioned knife gate valve device proper and adequate safety devices for use and safety;

    c.  Failure to test and inspect the aforementioned knife gate valve device to determine whether it could be used without injuring users;

    d.  Failure to adequately instruct as to the proper safety devices which should be used in conjunction with the aforementioned product;

    e.  Failure to warn or adequately warn of the dangers that existed upon attempting to clear, remove, troubleshoot and/or resolve any jam up or operational issue with the aforementioned products;

    f.  Failure to equip the aforementioned product with a grate, grid, screen, guard or other protective cover or device to prevent unintentional or inadvertent access to the impeller;

    g.  Failure to provide a dump valve contact that would dump out any residual pneumatic power once any cover, skirt or device was removed from it;

    h.  Failure to design the aforementioned knife gate valve device with a mechanical safeguard device so it would prevent the knife gate valve from closing when it was being troubleshot;

9

i.  Failure to provide a visual device on the aforementioned product that would visually alert and notify users that there was pneumatic pressure in the knife gate valve device;

j.  Failure to provide warnings, instructions and directions advising users of this product that both the in-feed and out-feed ports of the knife gate valve device be guarded to prevent inadvertent contact with the gate during the foreseeable uses of said product which includes troubleshooting, servicing and cleaning of it;

k.  Failure to advise, inform and caution Plaintiff's employer with the sale of this or other gate valves of Defendant's knowledge and awareness of amputation injuries that have occurred on its knife gate valve products as a result of fingers and hands being cut, lacerated or amputated by the knife gate when it closes.

34.  As a direct and proximate result of the aforementioned negligence of Defendant Salina Vortex Corporation, Plaintiff suffered the injuries and damages set forth in Paragraph No. 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Salina Vortex Corporation for a sum in excess of the arbitration limits of this court.

## COUNT III - NEGLIGENCE
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT IMERYS PIGMENTS, INC.

35.  Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

36.  The aforementioned negligence of Defendant Imerys Pigments, Inc. consisted of the following acts and omissions:

a.  Failure to handle, process, pack and supply its GCC raw materials with due care;

b.  Failure to comply with ISO9001: 2000 regarding the handling, processing, bagging, packaging and shipping of its GCC raw ingredients to Plaintiff's employer;

c.    Failure to comply with Defendant's internal or in-house specifications or requirements for the handling, processing, bagging, packaging and shipment of its GCC raw ingredients that were provided to Plaintiff's employer;

d.    Failure to have an adequate and proper quality control program for the mining, harvesting, producing, handling, bagging and packaging of GCC raw ingredients;

e.    Allowing or permitting debris or foreign materials to be placed into, inserted and/or getting inside shipment bags of GCC raw materials;

f.    Failure to have appropriate inspection and/or detection systems to monitor the presence of foreign material, debris and/or contaminants in its GCC raw materials and/or bags used to contain and store GCC raw materials;

g.    Providing GCC ingredients under Lot No. B9087300, Order No. D294405 that contained a piece of wood waste, debris or contaminant that was allowed to enter into one of the bags that was shipped to Plaintiff's employer in August, 2009.

37.    As a result of the wooden contaminant being provided and/or supplied by Defendant Imerys Pigments, Inc. with the aforementioned described shipment that was provided to Plaintiff's employer, said wooden contaminant caused the O.A. Blending System to get jammed subsequently causing or contributing to Plaintiff's accident and injuries.

38.    As a direct and proximate result of the aforementioned negligence of Defendant Imerys Pigments, Inc., Plaintiff-Husband suffered the injuries and damages set forth in Paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Imerys Pigments, inc. jointly and severally for a sum in excess of the arbitration limits of this court.

## COUNT IV - STRICT LIABILITY
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT O.A. NEWTON

39.    Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

11

40. The aforementioned O.A. Newton Blending System, including its component parts, was defective and unsafe when it left the control of Defendant O.A. Newton in that said system and equipment was not safe for its reasonably foreseeable uses in that it subjected Plaintiff to serious injuries when the aforementioned product was used in a intended manner.

41. Defendant O.A. Newton is a seller and supplier under the definition of Section 402A of the Restatement (Second) of Torts.

42. The aforementioned O.A. Newton Blending System, including its component parts, was not equipped with every element necessary to make it safe for its reasonably foreseeable uses.

43. The aforementioned O.A. Newton Blending System and its component parts was defectively designed.

44. The aforementioned O.A. Newton Blending System and its component parts was unreasonably dangerous.

45. As a direct and proximate result of the aforementioned defective and unsafe condition of the O.A. Newton Blending System and its component parts, Plaintiff-husband sustained the injuries and damages set forth in paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant O.A. Newton for a sum in excess of the arbitration limits of this court.

## COUNT V - STRICT LIABILITY
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT SALINA VORTEX CORPORATION

12

46.     Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

47.     The aforementioned knife gate valve was defective and unsafe when it left the control of Defendant Salina Vortex Corporation in that said product was not safe for its reasonable and foreseeable uses in that it subjected Plaintiff-Husband to serious injuries when the aforementioned product was used in an intended manner.

48.     Defendant Salina Vortex Corporation is liable to Plaintiffs pursuant to Section 402A if the Restatement (Second) of Torts.

49.     The aforementioned knife gate valve product was not equipped with every element necessary to make it safe for its reasonably foreseeable uses.

50.     The aforementioned knife gate valve product was unreasonably dangerous.

51.     The aforementioned Salina knife gate valve was defectively designed.

52.     As a direct and proximate result of the aforementioned defective and unsafe Vortex knife gate product, Plaintiff-Husband sustained the injuries and damages set forth in paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Salina Vortex Corporation for a sum in excess of the arbitration limits of this court.

## COUNT VI - STRICT LIABILITY
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT IMERYS PIGMENTS, INC.

53.     Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

13

54.     The aforementioned Imerys GCC product as provided under product description, shipping and tracking information contained in Paragraph No. 25 above was defective and unsafe when it left the control of Defendant Imery's Pigments, Inc. in that the product was not safe for its reasonably foreseeable uses and subjected Plaintiff to serious injuries when the aforementioned product was used and handled by Plaintiff in an intended matter.

55.     Defendant Imerys Pigments, Inc. is strictly liable to Plaintiffs pursuant to Section 402A of the Restatement (Second) of Torts.

56.     The aforementioned Imerys GCC raw material was provided with an element (foreign debris) that made the product unsafe for its reasonable and foreseeable uses.

57.     As provided with the contaminant foreign material, the aforementioned Imerys GCC shipment of raw material was unreasonably dangerous and unsafe.

58.     As a result of the defective and unsafe condition of the Imerys GCC raw materials provided to Plaintiff's employer, Plaintiff-Husband sustained the injuries and damages set forth in Paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Imerys Pigments, Inc. for a sum in excess of the arbitration limits of this court.

## COUNT VII - BREACH OF WARRANTY
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT O.A. NEWTON

59.     Plaintiffs repeat and incorporate by reference each and every preceding paragraph with the same force and effect as if fully set forth herein at length.

60.     At some time prior to August 19, 2009, and well known to Defendant O.A. Newton, Defendant expressed warranties that the subject O.A. Newton Blending System and its component parts were safe for use for the purposes intended and were of merchantable quality.

14

61.     At some time prior to August 19, 2009, and well known to Defendant O.A. Newton, Defendant warranted by implication that the aforementioned O.A. Newton Blending System and its component parts were reasonably fit for purposes intended and were of merchantable quality.

62.     That said representations and warranties set forth in the preceding two paragraphs formed part of the sales bargain of the aforementioned O.A. Newton Blending System, including its component parts, and were relied upon by Plaintiff and its employer.

63.     That in truth in fact, said representations and said warranties were false.

64.     As a direct and proximate result of the aforesaid breach or express and implied warranties, Plaintiff suffered the injuries and damages set forth in paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant O.A. Newton for a sum in excess of the arbitration limits of this court.

## COUNT VIII - BREACH OF WARRANTY
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT SALINA VORTEX CORPORATION

65.     Plaintiffs incorporate by reference each and every preceding paragraph set forth with the same force and effect as if fully set forth here at length.

66.     At some time prior to August 19, 2009, and well known to Defendant Salina Vortex Corporation, Defendant expressed warranties that the Vortex knife gate valve and its component parts were safe for use for the purposes intended and were of merchantable quality.

67.     At some time prior to August 19, 2009, and well known to Defendant Salina Vortex Corporation, Defendant warranted by implication that the aforementioned Vortex knife

gate valve including its component parts, were reasonably fit for the purposes intended and was of merchantable quality.

68.     Said representations and warranties set forth in the preceding two paragraphs formed part of the sales bargain of the aforementioned Vortex knife gate and were relied upon by Plaintiff and his employer.

69.     That in truth and in fact, said representations and said warranties were false.

70.     As a direct and proximate result of the aforesaid breach of express and implied warranties, Plaintiff suffered the injuries and damages set forth in paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Salina Vortex Corporation for a sum in excess of the arbitration limits of this court.

## COUNT IX - BREACH OF WARRANTY
## PLAINTIFF DENNIS TUCKER VS. DEFENDANT IMERYS PIGMENTS, INC.

71.     Plaintiffs incorporate by reference each and every preceding paragraph set forth with

72.     At some time prior to August 19, 2009, and well known to Defendant Imerys Pigments, Inc., Defendant expressed warranties that the GCC raw materials and its component parts were safe for use for the purposes intended and were of merchantable quality.

73.     At some time prior to August 19, 2009, and well known to Defendant Imerys Pigments, Inc., Defendant warranted by implication that the aforementioned GCC raw materials including its component parts, were reasonably fit for the purposes intended and was of merchantable quality.

16

74.     Said representations and warranties set forth in the preceding two paragraphs formed part of the sales bargain of the aforementioned GCC raw materials and were relied upon by Plaintiff and his employer.

75.     That in truth and in fact, said representations and said warranties were false.

76.     As a direct and proximate result of the aforesaid breach of express and implied warranties, Plaintiff suffered the injuries and damages set forth in paragraph 31 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Imerys Pigments, Inc. for a sum in excess of the arbitration limits of this court.

## COUNT X – LOSS OF CONSORTIUM

### PLAINTIFF BERNARDINE TUCKER v. DEFENDANTS O.A. NEWTON, SALINA VORTEX CORPORATION AND IMERYS PIGMENTS, INC.

For their tenth count Plaintiffs allege as follows:

77.     Plaintiffs incorporate by reference each and every paragraph set forth with the same force and effect as if fully set forth here at length.

78.     August 19, 2009, Plaintiff Bernardine Tucker was married to Plaintiff Dennis Tucker.

79.     As a direct and proximate result of the aforementioned negligence of Defendants, the defective products and breach of warranties, Plaintiff-Wife sustained the following injuries and damages:

    a. Loss of the services, society and conjugal fellowship of Plaintiff-Husband;

    b. Loss of earnings and support of Plaintiff-Husband.

17

WHEREFORE, Plaintiffs demand judgment against Defendants O.A. Newton, Salina Vortex Corporation and Imerys Pigments, Inc. for a sum in excess of the arbitration limits of this court.

GALFAND BERGER, LLP

By:_____

RICHARD M. JUREWICZ, ESQUIRE
Attorney I.D. No. 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103
215-665-6829
rjurewicz@galfandberger.com

Date: 5/23/2010

18

## VERIFICATION

We hereby affirm that the following facts are correct:

We are the Plaintiffs in the foregoing action and the attached Complaint is based upon information which we have furnished to our counsel and information which has been gathered by our counsel in preparation of our lawsuit. The language of the Complaint is that of counsel and not of us. We have read the Complaint and to the extent that the Complaint is based upon information which we have given to our counsel, it is true and correct to the best of our knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, we have relied upon counsel in making this Verification. We hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATE: 9-7-10

DENNIS TUCKER

DATE: 9/7/10

BERNADINE TUCKER